## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### "IN ADMIRALTY"

GMW BOAT & YACHTWORKS, INC
A Florida Corporation,

      Plaintiff,

v.

                                   CASE NO: 8:25-cv-02520-SDM-AEP

THE RECREATIONAL VESSEL,
"PERMANENT VACATION", U.S. Vessel no.
1289158, her machinery, mechanical drive system,
hydraulic operation system, electronics, platform
and appendages, *In Rem*

                                  SEP 18 2025 PM2:55
                                  FILED - USDC - FLMD - TPA

HAROLD RUSSELL, individually, *In Personam,*
      Defendants.
_____/

### COMPLAINT

**COMES NOW** Plaintiff, GMW BOAT & YACHTWORKS, INC, pro se, and respectfully

states, alleges and prays as follows:

    **I.**    **INTRODUCTION**

Plaintiff, GMW BOAT & YACHTWORKS, INC (hereafter "YACHTWORKS) brings this

suit in admiralty against Defendants, THE RECREATIONAL VESSEL, "PERMANENT

VACATION", her machinery, mechanical drive system, hydraulic operation system, electronics,

platform and appendages, *In Rem* (hereafter "PERMANENT VACATION"), and HAROLD

RUSSELL, individually, *In Personam* (hereafter "RUSSELL"), seeking payment of $39,926.09

that Defendants owe YACHTWORKS for provisioning services consisting of the providing of

repairs related to storm damage, and other services for "RUSSELL", provided from August

20, 2024 through July 10, 2025.

1



TPA 72968
$405.00

## II.     JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction pursuant to *28 U.S.C. § 1333*, as will more fully appear, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Honorable Court has supplemental jurisdiction pursuant to *28 U.S.C. § 1367(a)* over all other claims that are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this district pursuant to *28 U.S.C. § 1391*(b). All of the events giving rise to the claims asserted in this Complaint occurred in this district.

## III.     PARTIES TO THIS ACTION

4. Plaintiff, YACHTWORKS, is a corporation created and doing business under the laws of the State of Florida. Its principal place of business is located at 950 Roosevelt Blvd, Tarpon Springs, FL 34689.

5. Defendant, RUSSELL is an individual whose principal address is 1338 Meadow Green, Duncanville, TX 75137.

6. Defendant, "PERMANENT VACATION", is a Leopard forty-three (43) foot recreational vessel bearing a U.S. Vessel no.: 1289158 and manufacturer hull no.: RACB2068C818 owned by RUSSELL. Presently located at Vinoy Resort and Golf Club 502 5th Ave. NE, St. Petersburg, Fl 33701.

7. Defendant, "PERMANENT VACATION", is a recreational vessel owned by RUSSELL, and lives at Vinoy Resort and Golf Club located at 502 5th Ave. NE, St. Petersburg, Florida 33701.

## IV.     FACTUAL ALLEGATIONS

8. Between August 20, 2024 through July 10, 2025 inclusive, at YACHTWORKS in Tarpon Springs, and at the special instance and request of RUSSELLS and the owner of

2

recreational; vessel, "PERMANENT VACATION", Plaintiff, YACHTWORKS, performed and rendered services to the said recreational vessel, providing repairs and other services in connection therewith.

9. The items of such labor, services and expenses, amounting in all to the sum of $192,265.70 with a remaining balance of $39,926.09, and the dates when rendered or incurred, are set forth and attached hereto and incorporated herein as *Exhibit "A".*

10. For said work, labor and services, RUSSELL promised and agreed with plaintiff to pay to YACHTWORKS at the usual and customary rates for similar work, and promised and agreed that said work, labor and services should all be rendered and performed in accordance with the usual and customary terms.

11. Such services and expenses were necessary for the said vessel.

12. By reason of the premises, there is justly due and owing to YACHTWORKS from the vessel, "PERMANENT VACATION", the sum of $39,926.09, together with interest, for which, under the general maritime law and *46 U.S.C. § 31301 et seq.*, plaintiffs have a maritime lien against the named vessel, "PERMANENT VACATION".

13. Payment of the said sum of $39,926.09 has been duly demanded by YACHTWORKS from RUSSELL but has been refused and no part thereof has been paid. The said sum remains wholly due, unpaid and owing from RUSSELLS.

14. Plaintiff also brings this action *in rem* under 46 U.S.C. §31342 as providing "necessaries" to the defendant, "PERMANENT VACATION", in the form of defendants' still unpaid debt to Plaintiff, which it promised to pay, for the cost of necessary goods and services as such to the Defendant vessel, giving rise to a maritime lien.

15. *In personam* defendant, RUSSELL, presently has a principal address of 1338 Meadow Green, Duncanville, TX 75137, and at all material times herein is acting by and through its officers, agents, servants, employees, representatives, and is residing in the Middle

District of Florida.

16. "PERMANENT VACATION" is a forty-three foot (43ft) recreational vessel known as "PERMANENT VACATION" which Defendant RUSSELL owns for the purpose of recreation on the water of the Gulf of Mexico.

17. Said vessel is presently located at Vinoy Resort and Golf Club 502 5th Ave NE, St. Petersburg, FL 33701.

18. Said vessel has her home port in the Middle District of Florida.

*Exhibit "B" pictures of the M/V Permanent Vacation for the Court's identification.*

19. During all times mentioned herein said defendant vessel was owned by defendant RUSSELL and was engaged in maritime activity.

20. The repair work on the defendant vessel, which was requested by defendant RUSSELL and the cost for which plaintiff has still not been paid, is a vessel "necessary" inseparable from the doing of the repair work. Since plaintiff has not been reimbursed for the cost of the repairs, he hereby asserts his rights in rem under 46 U.S.C. § 31342 as a maritime lien holder for the said vessel's arrest.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

21. The allegations contained in paragraphs 1 through 20 of the Complaint are re-alleged and incorporated herein by reference as if said allegations were set forth in their entirety.

22. Plaintiff, YACHTWORKS entered into a contract whereby Defendant, RUSSELL agreed to convey to Plaintiff, YACHTWORKS, payment for storm damage repairs and other services in connection therewith, which amounted to $192,265.70.

23. Defendant, RUSSELL paid down the account balance to $39,926.09.

24. Defendant, RUSSELL has breached the contract existing between the parties by failing

4

to deliver to Plaintiff the above referenced payment under the parties' contract and otherwise refusing to honor the parties' agreement.

25. As a result of Defendant, RUSSELL'S material breach of the contract existing between the parties, Plaintiff, YACHTWORKS has been damaged.

26. Plaintiff, YACHTWORKS, has performed all conditions precedent on his part to be performed or all conditions precedent have been waived or otherwise legally excused.

.

<u>SECOND CAUSE OF ACTION</u>
<u>*IN REM* UNDER 46 U.S.C. § 31342 PLAINTIFF BEING A PERSON PROVIDING NECESSARIES TO THE DEFENDANT VESSEL</u>

27. The allegations contained in paragraphs 1 through 26 of the Complaint are re-alleged and incorporated herein by reference as if said allegations were set forth in their entirety.

28. Plaintiff also brings this action in rem under 46 U.S.C. §31342 being a person providing "necessaries" to the defendant vessel in the form of defendants' still unpaid debt to Plaintiff, which it promised to pay, for the cost of providing storm damage repairs and other services.

Alternatively, if this money owning is not considered as a necessary, plaintiff asserts it to be balance owed also giving rise to a maritime lien.

**WHEREFORE,** plaintiff prays by its Local A & M Rule 2-2 Itemized Demand for Judgment against the defendants as follows:

a. For a declaration that plaintiff holds claim to a preferred maritime lien against defendant RUSSELL'S VESSEL known as "PERMANENT VACATION", and her machinery, mechanical drive system, hydraulic operating system, electronics, platform and appendages;

b. For arrest, condemnation and sale of defendant RUSSELL's VESSEL known as "PERMANENT VACATION", and her machinery, mechanical drive system, hydraulic

5

operating system, electronics, platform and appendages;

c. For labor and materials of $39,926.09 and services rendered;

d. For punitive damages for the willful and wanton failure to pay the balance due under The Contract;

e. For interest, costs of suit and reasonable attorney fees;

f. For such other and further relief as is fair and just in the circumstances.

**WHEREFORE**, plaintiff prays:

a. That process in due form of law may issue against the defendant, RUSSELL, citing them personally to appear and answer all and singular the matters aforesaid;

b. That this Court shall pronounce judgment in favor of the plaintiff against RUSSELL for $39,926.09, with interest and costs and the disbursements of this action;

c. That this Court shall pronounce a declaratory judgment that YACHTWORKS has a lien over the recreational vessel "PERMANENT VACATION", for the provisioning services rendered to it by YACHTWORKS;

d. That this Court may grant to plaintiffs such other and further relief as may be just and proper.


**RESPECTFULLY SUBMITTED** on this 18th day of September, 2025

Louis Mailisand
Pro Se Litigant
950 Roosevelt Blvd
Tarpon Springs, FL 34689
(727) 937-4401
louis.gmw@gmail.com