UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

GMW BOAT & YACHTWORKS, INC.,
A Florida Corporation,

      Plaintiff,

v.                             Case No.: 8:25-cv-02520-SDM-AEP

HAROLD R. RUSSELL, *In Personam*, and
The Recreational Vessel "PERMANENT
VACATION" (Official No. 1289158, her
machinery, mechanical drive system,
hydraulic operation system, electronics,
platform and appendages, *In Rem*,

      Defendants.
_____/

## AMENDED VERIFIED COMPLAINT

Plaintiff, GMW BOAT & YACHTWORKS, INC., ("Plaintiff" or "GMW"), by and through its undersigned attorneys, complaining of the above-named defendant, alleges as follows:

1.     This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.    At all material times, GMW was and now is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Tarpon Springs, Florida.

3.    Upon information and belief, and at all material times, Defendant HAROLD R. RUSSELL ("RUSSEL") was and now is an individual resident and citizen of the State of Texas.

4.    The Defendant S/Y PERMANENT VACATION, with Official No. umber 1289158 (the "Vessel") was and is a recreational sailing vessel documented under the laws of the United States.

5.    At the time the debt was incurred, as described in greater detail below, the Vessel was jointly owned by Defendants HAROLD R. RUSSEL and VICKY B. RUSSEL.

## VENUE AND JURISDICTION

6.    The Court has *in rem* jurisdiction over the Vessel because it is currently within this jurisdiction or is expected to be in this district during the pendency of this action.

7.    At all material times, Defendant HAROLD R. RUSSEL and VICKY B. RUSSEL operated, navigated, or otherwise maintained the Vessel on navigable waters within Pinellas County, Florida.

8.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as necessaries were provided to the Vessel within this District and the Vessel is currently located within this District.

## THE FACTS

10.    Plaintiff provides repair and maintenance services to vessels at its boatyard located in Tarpon Springs, Florida.

11.    On or about August 20, 2024, RUSSEL entered into an oral contract with GMW to repair the Vessel on a time and materials basis.

12.    From August 20, 2024 through July 10, 2025, at the request of RUSSEL, GMW performed and rendered certain repair services to the Vessel (the "Work").

13.    Plaintiff completed all contracted for repairs on or before July 10, 2025.

14.    Following completion of the work, Plaintiff issued invoices to RUSSEL. The Invoices setting forth the Work are attached hereto as Exhibit "A" and are incorporated herein.

15.    As noted on the Invoice, payment was due on receipt.

16. Despite demand, RUSSEL has made no payment to GMW for the services provided, and the principal sum is still owed to GMW. The total amount due as of November 13, 2025 is $39,926.09, which does not include any interest.

## COUNT I
## BREACH OF CONTRACT

17. Plaintiff realleges and incorporate the allegations contained in paragraphs 1 through 16 above as if fully set forth herein.

18. RUSSEL, as owner of the Vessel, entered into a binding and enforceable maritime contract with GMW to provide repairs of storm damage and other related services to the Vessel.

19. GWM performed all contracted for services.

20. After performing all contracted for services to the Vessel, GMW invoiced RUSSEL for the services provided at the contracted for rate, which amounted to $192,265.70.

21. The agreed contractual rate for the services is reasonable for repair and other services provide to vessels in this geographic area.

22. RUSSELL made partial payment for the Work, reducing the account balance to $39,926.09.

23. Despite demand, RUSSEL has failed to pay GMW the remaining account balance of $39,926.09.

24.    By failing to pay for the contracted for services, RUSSEL has materially breached the contract between the parties for the repair of the Vessel.

25.    Plaintiff has been damaged and continues to be damaged as a direct result of RUSSEL's material breach of contract.  As a result of the breach, Plaintiff is entitled to damages in the principal amount of $39,926.09.

26.    Plaintiff is also entitled to recover interest and all costs incurred in this action.

27.    Plaintiff has performed all conditions precedent, or all conditions precedent have been waived or otherwise legally excused.

WHEREFORE, Plaintiff demands judgment be entered in its favor and against Defendant HAROLD R. RUSSEL, *in personam*, plus interest and costs, plus any additional relief this Court deems just in the premises.

## COUNT II
### *IN REM* MARITIME LIEN CLAIM FOR NECESSARIES

28.    Plaintiff realleges and incorporates paragraphs 1 through 16 above as is fully stated herein.

29.    At the request of RUSSEL, the owner of the Vessel, Plaintiff provided repairs and other services to the Vessel which created a lien against the Vessel until and unless paid.

30.     Defendant has failed to pay the Thirty-Nine Thousand Nine Hundred Twenty-Six and 09/100 Dollars ($39,926.09) that is due to Plaintiff for the repair and other services provided to the Vessel.

31.     The repairs and other services provided to the Vessel were agreed to between the parties at a fair and reasonable rate in the market for the provision of similar services.

32.     The Plaintiff therefore alleges that pursuant to 46 U.S.C. 31342, it has a maritime lien against the Vessel in the amount of $39,926.09, plus interest, costs of this action, including Marshal's fees and expenses, fees and costs of the substitute custodian, fees and costs of keeping, preserving and protecting the vessel, and future cost of this and any other necessary legal proceeding.

33.     Plaintiff hereby forecloses its maritime lien for repairs provided to the Vessel based upon failure of the owner to pay the outstanding invoices for the repairs.

34.     Plaintiff has duly performed all duties and obligation on its part to be performed and all conditions precedent to foreclosure of a maritime lien have been fulfilled or waived.

WHEREFORE, GMW BOAT & YACHTWORKS, INC. prays:

A.     That process in due form of law according to the rules and practices of this Honorable Court in causes of admiralty and maritime jurisdiction may issue

against the Vessel, her engines, tackle, apparel, and appurtenances, etc., *in rem*, and that all persons claiming any title or right to said vessel may be cited to appear and answer under oath the allegations of this Verified Complaint

B.    That the maritime lien held by GMW BOAT & YACHTWORKS, INC. be foreclosed and that a decree be entered against the Vessel, her  engines, tackle, apparel, and appurtenances, etc., *in rem*,  in the full amount of Thirty-Nine Thousand Nine Hundred Twenty-Six and 09/100 Dollars ($39,926.09), plus interest, cost of suit, including Marshal's fees and expenses, fees and costs of the substitute custodian, fees and costs of keeping, preserving and protecting the vessel, and future costs of this and any other necessary legal proceeding.

C.    That the Vessel, her engines, tackle, apparel, and appurtenances, etc., *in rem*, be condemned and sold, free and clear of all liens and encumbrances to satisfy the judgment entered on Plaintiff's Verified Complaint and this Honorable Court award the Plaintiff the right to bid in any U.S. Marshall sale in the amount of the *Custodial Legis* fees incurred if named Substitute Custodian.

D.    For such other and further relief as this Court deems just in the premises DATED this 17th day of December, 2025.

Respectfully submitted,

Eric C. Thiel – FBN 016267

BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Telephone: (813) 221-1500
Facsimile:   (813) 222-3066
Service-ethiel@bankerlopez.com
Attorneys for Plaintiff

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I verify under penalty of perjury under the laws of the United States of America, that I have read the foregoing Verified Complaint and exhibits, and the contents thereof are true to the best of my information and belief.

Dated December 10th, 2025

By:_____
LOUIS MAILISAND
President
GMW BOAT & YACHTWORKS, INC.