UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY


GMW BOAT & YACHTWORKS, INC.,

      Plaintiff,

v.                                  Case No. 8:25-cv-02520-SDM-AEP

HAROLD R. RUSSELL, *In Personam*, and
The Recreational Vessel "PERMANENT
VACATION" (Official No. 1289158, her
machinery, mechanical drive system,
hydraulic operation system, electronics,
platform and appendages, *In Rem,*

      Defendants.

_____/

### <u>ORDER APPOINTING SUBSTITUTE CUSTODIAN</u>

This cause comes before the Court upon Plaintiff's Motion to Appoint Custodian (Doc. 12) and its Consent and Indemnification Agreement (Doc. 12-1). After consideration, it is hereby

ORDERED:

1.     Plaintiff's Motion for Appointment of Substitute Custodian (Doc. 12) is GRANTED.

2.     Pursuant to Section 5(k)(3) of the Middle District of Florida Admiralty and Maritime Practice Manual, GMW BOAT & YACHTWORKS, INC. ("GMW") is appointed the Substitute Custodian for the Defendant Vessel S/Y Permanent Vacation, her engines, tackle, apparel, furniture, equipment and all

other necessaries appertaining and belonging *in rem*.

3.      The United States Marshal for the Middle District of Florida be and hereby is authorized and directed to surrender possession of the Defendant Vessel to the Substitute Custodian named herein and that upon such surrender, the Marshal shall be discharged from the duties and responsibilities for the safekeeping of said Vessel and held harmless by any party for any and all claims arising whatsoever out of said substitute possession and safekeeping.

4.      GMW shall be and is hereby appointed the custodian of said vessel to retain the same in its custody for possession and safekeeping until further order of this Court.

5.      The Substitute Custodian is permitted to retain the Defendant Vessel at Vinoy Marina, 502 5th Ave NE, St. Petersburg, FL 33701.

6.      The Substitute Custodian is permitted to take into its custody any parts or equipment belonging to the Defendant Vessel that have been removed at its location.

7.      All reasonable expenditures which may be incurred by the United States of America and the Substitute Custodian, or by any party advancing funds to the Substitute Custodian, in safekeeping and maintaining the Vessel while she is in *custodia legis*, shall be administrative expenses in this action and a first charge of the Defendant Vessel herein, to be paid prior to the release of the Vessel or the distribution of proceeds of her sale.

8.      During *custodia legis*, the Substitute Custodian shall not permit repairs

or changes to be made to the Vessel, except for routine maintenance required for the Vessel's safekeeping, or in emergency situations, without an Order of this Court. The Substitute Custodian shall have authority to move the Vessel within its facilities for safekeeping immediately after the arrest and, in the event the berth at which the Vessel is located is required for another incoming vessel, the Substitute Custodian may move the Vessel without further order of the Court so long as the Vessel is moved **within its facilities** in a fashion adequate for the safekeeping of the Vessel, and moved to a comparable berth adequate for the safekeeping of the Vessel.

9.      All United States Marshal's costs shall be paid prior to the release of the Defendant Vessel, and all further constructive costs will be borne by Plaintiff.

10.     The Substitute Custodian must execute a receipt for the Vessel, and the United States Marshal must attest to the date and time of release on a U.S. Marshal's Return.

11.     Plaintiff's attorney will serve a copy of this Order to the owner of the Defendant Vessel as soon as the owner files an appearance in this action.

DONE AND ORDERED in Tampa, Florida on this 29th day of December 2025.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:      Counsel of Record

3